UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

CASE NO. 20-CR-392-SO

UNITED STATES OF AMERICA

v.

DROR SVORAI

        Defendant.
_____/

**DEFENDANT DROR SVORAI'S MOTION FOR A BILL OF PARTICULARS**

Defendant DROR SVORAI, hereby moves this Court, pursuant to Fed. R. Crim. P. 7(f) to require the Government to file a Bill of Particulars setting forth the alleged false statements it contends were made by Mr. Svorai in furtherance of the charges alleged in the pending indictment and to set forth what about the statements are allegedly false. A bill of particulars will adequately apprise Defendant of the scope of the Government's allegations and allow Mr. Svorai to prepare his defense and avoid unfair and prejudicial surprise at trial.

**I.    Relief Requested**

Defendant requests that the Government provide in the form of a bill of particulars:

a. Information as to exactly what the false statements are, what about them is false, who made them, and how Mr. Svorai caused them to be made.

b. What, if any, false, misleading statements, inaccurate, incomplete or erroneous statements were used in the promotion of the stocks at issues.

c. The location and names of, all of the parties of the stock transaction charged in Count Nine (9) of the pending indictment that occurred on April 24, 2019.

**II.     Background**

The defendant is charged in a fifteen (15) count, multi co-defendant indictment (the "indictment") containing various allegations of Conspiracy to Commit Securities Fraud, Securities Fraud, Conspiracy to Commit Fraud, Wire Fraud and Money Laundering. In all relevant counts of the indictment, the government alleges that the defendants, including Mr. Svorai "provided false, incomplete and fraudulent information to attorneys in order to obtain Rule 144 legal opinions containing misrepresentations to satisfy legal requirements for depositions the stock for sale." See Indictment at p. 20 ¶ 63(i). Nevertheless, the indictment never identifies what made these statements false in any manner. The government further alleges that the defendant's, including Svorai, "caused the creating of favorable press releases and other information to promote the Manipulated Public Companies." See Indictment at p. 20 ¶ 63 (l) and (m). Additionally, the Government alleges that Mr. Svoria and co-defendant Ruggeri committed Securities Fraud in the sale of VPOR stock on April 24, 2019. See Indictment at p. 47 ¶ 66.

**III.     Discussion**

    **a.  Mr. Svorai's Motion is Timely**

Mr. Svorai seeks a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f). Under Rule 7(f), a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Mr. Svorai was arraigned on the pending indictment on July 30, 2020 and is thus within the statutory timeframe for the filing of the motion.

    **b.  Legal Authority**

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be a

2

plain, concise, and definite written statement of the essential facts constituting the offense charged. The essential facts are required so that a defendant is clearly apprised of the charges and so that he may protect himself against possible threats of double jeopardy. United States v. Siegel, 472 F. Supp. 440, 442 (N.D. Ill. 1979); United States v. Allied Asphalt Paving Co., 451 F. Supp. 804, 812 (N.D. Ill. 1978).

It is well-settled that the purpose of a bill of particulars is "to inform the defendant of the charge against him with sufficient precision to allow [her] to prepare [her] defense, to minimize surprise at trial, and to enable [her] to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Roberts, 174 Fed. Appx. 475, 477 (11th Cir. 2006) (citing United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)). That is, "[a] bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." United States v. Baitcher, 2013 WL 1501462, at *1 (N.D. Ga. Mar. 22, 2013) (citing Anderson, 799 F.2d at 1441).

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." United States v. Debrow, 346 U.S. 374, 378 (1953). "An indictment not framed to apprise the defendant with reasonable certainty of the nature of the accusation against him is defective, although it may follow the language of the statute." United States v. Gordon, 780 F.2d 1165, 1172 (5th Cir. 1986). Indeed, Fed. R. Crim. P. 7(f) was amended in 1966 to "encourage a more liberal attitude by the courts toward bills of particulars." See Advisory Committee Note to 1966 amendment of

3

Fed. R. Crim. P. 7(f).

In <u>United States v. Trie</u>, 21 F.Supp. 2d 7 (D.D.C. 1998), the District Court for the District of Columbia was faced with a case in which a defendant was accused of making false statements in violation of 1 8 U.S.C. § 1001. The defendant sought, by way of a Motion for a Bill of Particulars, the particular statements the government alleged to be false. Id. at 21. The Court's ruling on the motion is instructive:

> Mr. Trie first requests that the government be required to identify the particular statements alleged to be false (and what about them is false), as well as the specific contributions alleged to be falsely reported. The government maintains that the requested information need not be provided in a bill of particulars because it has provided Mr. Trie with 45 pages of excerpts in which it represents that all the false statements a t issue are contained. The problem is that these 45 pages contain 175 names along with a variety of information about each person or entity listed. The government contends that with due diligence Mr. Trie can readily identify which of the 175 names and what part of the related information constitute the actual false statements. This argument fails.
>
> Not only does the government's position presume that t h e defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship. A defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information. The government must provide information as to exactly what the false statements are, what about them is false, who made them, and how Mr. Trie caused them to be made.

Id. (citations and footnote omitted).

Similarly, in <u>United States v. Rogers</u>, 617 F.Supp. 1024 (D. Col. 1985), the defendant was charged with various fraud counts and requested a Bill of Particulars. In granting the request, the Court wrote:

> [T]he government must provide particularization of allegedly false statements made by defendants. General allegations of false statements and testimony are not sufficient. This

>criminal case should not differ from any civil matter where allegations of fraud and misrepresentations must be pleaded with particularity under Fed.R.Civ.P. 9(b). In fact, application of this rule in criminal cases is even more compelling than in civil matters because defendants' liberty interests are at stake. Accordingly, defendants' requests for particularization of allegedly false statements are granted. The government must reveal the substance, date, time, and place of each false statement or concealment and the persons involved.

Id. at 1029 (citations and footnote omitted).[1]

In the instant case, it has become increasingly impossible for the defense to prepare for trial given the broad allegations that Mr. Svorai has made false statements and representations without the government further identifying the statements that are alleged to be false and what makes them false. As held in Trie, Id. Mr. Svorai is entitled to knowing exactly what the false statements are, what about them is false, who made them, and how he caused them to be made. Indeed, without knowing what statements that the government alleges are false, how can Mr. Svorai possibly be in a position to establish at trial that the statements are, in fact, true?

Further, the indictment alleges in count nine (9) of the pending indictment that Mr. Svoria committed Securities Fraud in the sale of Stock on April 24, 2019. The indictment does not indicate where the sale of the stock began, was transferred to and ultimately where the stock ended. The only information regarding where the actual act occurred is that money was transferred from Bermuda to Miami, Florida. *See* indictment p. 36 ¶ 63 (qqqq). The lack of

---

[1] See also, United States v. Risk, 672 F.Supp 346, 360 (S.D. Ind. 1987) ("Here, the indictment, while constitutionally adequate to inform the defendant of the offense charged, is insufficient to enable him to prepare for trial and to prevent surprise. The court does not expect the Government to provide a detailed evidentiary disclosure of such matters as names of witnesses or a complete explication of its theory of the case, but the court does expect, and hereby ORDERS, the Government to disclose to the defendant the specific portions, segments, or sentences of the bank report that are alleged to be and that the Government intends to prove are false."), aff'd, 843 F.2d 1049 (7th Cr. 1988); United States v . Konefal, 566 F. Supp 698, 703 (N.D.N.Y. 1983) ("Count III charges the defendants with concealing material facts and causing to be made certain false statements concerning transactions in currency. Such actions a r e alleged to violate 18 U.S.C. §§ 1001, 1002 (1976). The Government has not alleged what statements it contends are false, nor has it alleged t h e material facts which it contends the defendants concealed. While the Government need not disclose the evidentiary details of its case, the Court finds that defendants should be apprised of these basic details concerning count III.") ; United States v. McCoy, 492 F.Supp. 540, 545 (M.D. Fl. 1980) ("The defendant is entitled to a bill of particulars setting forth each false and fraudulent pretense and representation described generally in the indictment."); United States v. Caine, 270 F.Supp. 801, 806 (S.D.N.Y. 1967) (same).

language surrounding the location of the stock transaction does not properly inform Mr. Svorai as required by the rule of Criminal Procedure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF to the following: Assistant U.S. Attorney, Alejandro Abreu, located at United States Courthouse 801 West Superior Ave., Suite 400, Cleveland, Ohio 44113 this 12th day of August, 2020. Further notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,
/s/ David J. Sobel
David J. Sobel, Esq.
Admitted *Pro Hac Vice*
Florida Bar No. 57336
David J. Sobel, P.A.
633 Southeast Third Avenue, 301
Fort Lauderdale, Florida 33131
Telephone: (954) 463-0773
Facsimile: (954) 839-9005
Email: sobeldefense@yahoo.com