# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| vs. | ) | |
| | ) | |
| | ) | |
| CHARLES VACCARO, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR UNSEALING OF GOVERNMENT'S MOTION AND EXHIBIT

Defendant Charles Vaccaro, by his attorney Randy Zelin, of the law firm Wilk Auslander LLP, respectfully moves this Court for an Order unsealing the government's motion for a "conflict inquiry" as to Defendant Dennis Ruggeri (ECF Doc #68) (referred to as the "Conflict Motion").

1.  The Conflict Motion was filed by the government with leave to file "under seal" (including the "Exhibit") (ECF Doc #68) (the "Motion to Seal").

2.  The United States District Court for the Northern District of Ohio Eastern Division (Oliver, J.) granted the Motion to Seal (ECF Doc #69).

3.  Mr. Vaccaro respectfully submits that he should be given access to the Conflict Motion, and seeks an Order unsealing the Conflict Motion as to his counsel and him only.

4.  There is a common law presumption in favor of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); see also, *United States v. Sonin*, 167 F.Supp.3d 971 (E.D. WI 2016). The analysis employed by the Court in determining whether a particular document should, or should not be sealed includes a determination as to whether the document is a "judicial document;" whether the document could be used for some "improper purpose;" and, in looking at

the "relevant facts and circumstances of the particular case." *United States v. Sonin*, 167 F.Supp.3d at *975.

5. Here, it is respectfully submitted that Mr. Vaccaro meets his burden to establish his right to the Conflict Motion.

6. As a threshold matter, the Conflict Motion is a "judicial document."

7. The presumption of access is even greater as to Mr. Vaccaro given that (a) he is a co-defendant of Mr. Ruggeri; (b) there is a Joint Defense Agreement ("JDA") presently in effect between and among Mr. Vaccaro, Mr. Ruggeri and co-defendant Dror Svorai; (c) Mr. Vaccaro is concerned that the government's "conflict inquiry" (i) will lead to the circumvention of matters covered under the JDA; (ii) is a strategic effort by the government to use disqualification as a sword to derail the defense of this action, rather than as a shield to protect, for example in this case, Mr. Ruggeri's Sixth Amendment Right to Counsel.

8. Finally, on the question of any factors that cut against disclosure, Mr. Vaccaro respectfully submits that: (a) any privileged matter concerning Mr. Ruggeri and his attorney may be redacted (see *Mitze v. Saul*, 968 F.3d 689 (7th Cir. 2020); and, (b) matters related to a so-called "uncharged individual" and the need for sealing are wholly bald and conclusory (see Conflict Motion, p. 1). Moreover, the defense has already agreed to be subject to a Protective Order (ECF Doc #40, 68).

9. There is no untoward purpose nor improper reason for Mr. Vaccaro to require access to the Conflict Motion.

10. No reasons are extant as to why Mr. Vaccaro should be denied access to the Conflict Motion. *In re Associated Press*, 162 F.3d 503 (7th Cir. 1998).

11. The defense has asked the government to consent to unseal the Conflicts Motion. The government does not consent.

12. For all of these reasons, Defendant Charles Vaccaro respectfully requests that the Conflicts Motion be unsealed as to his counsel and him only.

Dated: April 15, 2021

*Randy Zelin*
Randy Zelin

To:
All Counsel (via ECF)