UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:20 CR 392 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES VACCARO, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>STATUS CONFERENCE ORDER</u> |

A telephonic pretrial status conference was held on the open record in the within case on September 9, 2021, at 10:00 a.m., with counsel for the parties in the within case. Assistant U.S. Attorneys Alex Abreu, Brad Beeson, and Jim Morford were present on behalf of the Government. Attorneys Randy Zelin and Ian Friedman were present on behalf of Charles Vaccaro, Attorney Russell Williams was present on behalf of Dennis Ruggeri, Attorney Bob Amsel was present on behalf of Dror Svorai, Attorney Michael Orenstein was present on behalf of Kevin Hagen, Attorney Justin Roberts was present on behalf of Gary Berlly, and Attorney Mark Hunter was present on behalf of Yosef Biton. In addition, Mr. Biton, Mr. Ruggeri, and Mr. Vaccaro were also present during the conference.

The court and the parties discussed the status of discovery as well as the pending Motions for a Bill of Particulars with respect to Mr. Svorai (ECF No. 27), Mr. Biton (ECF No. 116), and Mr. Hagen (ECF No. 119). Counsel for Mr. Svorai indicated that here is no reason to rule on his Motion for a Bill of Particulars in light of the discovery he has received. Consequently, he withdrew the

Motion. Accordingly, the court denies Mr. Svorai's Motion for a Bill of Particulars (ECF No. 27) as moot. As for Mr. Hagen and Mr. Biton's Motions, counsel for those Defendants indicated that they needed additional time to review the discovery that was recently provided by the Government before they can make a determination as to whether their Motions for a Bill of Particulars are still necessary.

After a discussion with Mr. Ruggeri's counsel regarding his Motion to Withdraw (ECF No. 136), it was agreed that the court should withhold ruling on the Motion in order to insure a smooth transition to new counsel, if possible. Attorney Williams will remain on the case to assist Mr. Ruggeri with the process of seeking appointed counsel through the court if Mr. Ruggeri wishes. To that end, Attorney Williams shall notify the court within two weeks of date of this Order with respect to the status of Mr. Ruggeri's progress in obtaining new counsel, appointed or otherwise.

The court considered Mr. Vaccaro's pending Motion to Amend Bond Conditions (ECF No. 137), Motion for Stay of Warrant to Seize Property (ECF No. 128), and his Motion for Hearing on Physical Damage as a Result of Seizure (ECF No. 133). During this discussion, the court indicated that it would grant the Motion to Amend Bond Conditions (ECF No. 137), without objection, to the extent that it seeks an order reducing the amount of Mr. Vaccaro's bond to a $200,000 secured bond, in light of the discussion on the open record, including the seizure of the boat. However, the court reserves a ruling on the Motion to Amend Bond Conditions, to the extent that it seeks an order compelling the Government to return the boat to him immediately, as that issue will be resolved in the court's ruling on Mr. Vaccaro's Motion for Stay of Warrant to Seize Property (ECF No. 128). Counsel for the United States indicated that he had been notified by the U.S. Marshal that the boat had received no damage and that if Mr. Vaccaro felt he had a claim, he should file it under the

Federal Tort Claims Act. The court did not rule on the Motion for Hearing on Physical Damage as a result of seizure. Counsel for the United States indicated he would request, as suggested by the court, Mr. Vaccaro be allowed to inspect the boat under the supervision of the U.S. Marshals.

In light of the parties' continued efforts to work through the voluminous discovery in the case, counsel for Defendants made an Oral Motion to continue the case to which the Government does not object. The court grants said Oral Motion of the Parties, finding, under 18 U.S.C. § 3161(h)(7)(A) and (B), the ends of justice served by continuance of trial outweigh the best interests of the public and the Defendants in a speedy trial. The court will hold another telephonic pretrial conference with counsel for the parties on November 15, 2021, at 10:30 a.m.

IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

September 15, 2021