**RANDY SCOTT ZELIN P.C.**
641 LEXINGTON AVENUE, 29th Fl.
NEW YORK, NEW YORK 10022
(T) 212.319.4000 (F) 212.656.1118
www.randyzelinlaw.com

Randy Zelin
rsz@rszpc.com

January 28, 2022

Via ECF
The Honorable Simon Oliver, Jr.
United States District Judge
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 17A
Cleveland, Ohio 44113-1838

    Re:    United States v. Charles Vaccaro, et al.
             Case no. 1:20-CR-392

Dear Judge Oliver:

    I represent defendant Charles Vaccaro. I write to follow on up the conference with the Court we had on January 25, 2022.

    As a threshold matter, we have not heard from the government concerning the proposed Order amending my client's conditions of release. We ask that the Court enter the Order as we proposed.

    Then there is the matter of the pending application for the return of the "inflatable" to my client (ECF Document no. 150). My client pointed out to me that we apparently did not respond directly to the government's response (ECF Document no, 154). Although we addressed the salient points: (a) the inflatable was not named in the Seizure Warrant; (b) it has its own title and registration documents; (c) it was purchased separate and apart and after the purchase of the boat – I'd like to take a moment more to address the government's response head-on.

    First, the inflatable is not a "fixture." Yes, it was kept on the boat at times. However, it is not part of the boat. It was not required to be on the boat. It was not necessary for the boat to be used for the boat's intended purpose. It was not even sold

with the boat. It is (was) removeable. It could be kept anywhere -- not necessarily on the boat. It can be purchased (as it was) without the boat. The boat exists without the inflatable, and vice-versa. It is its own watercraft – just as the boat is.

Second, it is not "inseparable" to the boat's operation. The boat was and could be run without it. The boat functions without it. And vice-versa. The boat was sold without it – it was purchased some years after the boat was purchased. And vice-versa (the inflatable was sold without the boat). They were and are sold as "stand-alone. Many people own inflatables without owning a larger boat. And vice-versa.

For all of these reasons, the inflatable should be returned to my client as it was not the subject of the Seizure Warrant.

                                                Respectfully submitted,

                                                *Randy Zelin*

To:    All counsel via ECF                    Randy Zelin